IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL DWAYNE MORGAN,
    Plaintiff,

vs.                                    Case No. 5:08cv334/RS/EMT

ROBERT SALE, et al.,
    Defendants.
_____/

**ORDER**

        Plaintiff, a non-prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 28 U.S.C. §§ 1331, 1346, or 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 7).

        Although Plaintiff used the appropriate complaint form, he failed to properly complete sections III, IV, and V of the form. Specifically, instead of providing a statement of facts, statement of claims, and description of relief requested, he referred the court to an attachment. This is not acceptable. Rule 5.1(J) of the Local Rules for the Northern District of Florida provides that pro se complaints, such as the one filed by Plaintiff, shall not be considered by the court unless the appropriate form has been properly completed and filed by the litigant. The use of a prescribed form was adopted for reasons of administrative convenience. This court, with its large volume of pro se actions, saves valuable time if it is not required to decipher lengthy and often unintelligible complaints. This saving would be lost if Plaintiff were allowed to fill in the form with a reference to an attachment instead of completing the form itself. In light of the administrative benefits derived from the use of the form, Plaintiff should be required to fully complete the form, even if he wishes to submit an attachment with additional facts or claims.

Accordingly, it is **ORDERED**:

1. The clerk shall send Plaintiff a form for use in civil rights cases filed by non-prisoners. This case number should be written on the form.

2. Plaintiff shall file an amended complaint that complies with the instructions on the form. Plaintiff should completely fill out the new complaint form, marking it "Amended Complaint." Plaintiff is advised that the amended pleading must contain all of Plaintiff's allegations, and it should not in any way refer to the previously filed complaints. When an amended pleading is filed, all earlier pleadings are disregarded. N.D. Fla. Loc. R. 15.1.

3. Failure to respond within **THIRTY (30) DAYS** from the date of docketing of this order will result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 27th day of May 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**